JS-6

1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7            CENTRAL DISTRICT OF CALIFORNIA

8    MICHELLE ZALDIVAR,              ) Case No: 5:24-cv-01934-FWS-PVC

9                                    )
          Plaintiff,                 ) [PROPOSED]
10                                   ) JUDGMENT

11          vs.                      )
                                     )
12   MICHELLE KING,                  )
13   Acting Commissioner of Social   )
     Security,                       )
14                                   )
15          Defendant.               )
     _____

16

17        The Court hereby approves the parties' Stipulation to Voluntary Remand

18   Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment

19   ("Stipulation to Remand") lodged with this Judgment of Remand, IT IS

20   HEREBY ORDERED, ADJUDGED AND DECREED that the above-captioned

21   action is remanded to the Commissioner of Social Security for further proceedings

22   consistent with the Stipulation to Remand.[1]

23

24   DATED: February 7, 2025    _____

25                              HON. PEDRO V. CASTILLO
                                UNITED STATES MAGISTRATE JUDGE
26

27   _____

28   [1] In *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015), the Ninth Circuit held that the magistrate judge had the authority to grant the petitioner's request to dismiss two unexhausted claims in his habeas petition without the approval of a district judge, as the magistrate judge's order was simply "doing what [the] habeas petitioner has asked." *Id*. at 1165. While *Bastidas* is not entirely on point, the stipulation for remand and entry of judgment here is jointly made by the parties, without any compulsion from the magistrate judge. Because there appears to be no danger of undue prejudice to any party, the Court grants the request.